OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601  
T. 201.265.6400   F. 201.265.0303

1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018  
T. 212.354.0111

February 13, 2019

**VIA ECF**

Honorable Brian M. Cogan  
United States District Judge  
United States District Court, Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      **Re:**    *Freeman, et al. v. HSBC Holdings plc, et al.*, 18-cv-7359 (BMC)  
             *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (DLI)(CLP)

Dear Judge Cogan:

      Plaintiffs write in response to the Court's February 11, 2019 Minute Entry and Order, issued following the Initial Status Conference that day, directing the parties "to file their positions on case consolidation and administration" by February 18, 2019.

      Plaintiffs agree that *Freeman II*, filed on December 26, 2018 and assigned to Your Honor, is substantively related to *Freeman I*, filed on November 10, 2014 and assigned to Chief Judge Irizarry. They involve the same Defendants, factual underpinnings, and legal theories. The cases comprise more than 1,200 Plaintiffs – more than 200 of whom filed their case in November 2014.

      As such, Plaintiffs believe that *Freeman I* and *Freeman II* should be consolidated. Regarding how best to proceed, Plaintiffs seek a procedural arrangement convenient to the Court that would result in the most expeditious adjudication of their claims. On July 27, 2018, Magistrate Judge Cheryl L. Pollak's 135-page Report and Recommendation ("R&R") proposed rejection of Defendants' *Freeman I* motions to dismiss *in their entirety*. In Plaintiffs' view, while not dispositive, the R&R signals that these cases – which deal with the deaths and grievous injuries to American service members – deserve to be adjudicated as efficiently as the Court's docket permits.

      *Freeman II* was filed as a stand-alone case following Defendants' refusal to consent to an amended complaint in *Freeman I* that would have added only a large number of additional plaintiffs and attacks (but no new legal theories or factual allegations against the Defendants).[1]

---

[1]    As Plaintiffs noted at the Initial Status Conference, all Defendants were e-mailed copies of the *Freeman II* complaint on the day it was filed, but Defendants ignored two e-mails requesting that they accept service. Accordingly, each Defendant was served in the ordinary course, and most defense counsel filed their notices of appearance in the past several days.

**Letter to Hon. Brian M. Cogan, U.S.D.J.**
**February 13, 2019**
**Page 2 of 2**

The substantive difference between the two actions – as Plaintiffs' counsel noted at the Initial Status Conference – is that *Freeman II* contains explicitly enumerated Justice Against Sponsors of Terrorism Act ("JASTA") claims (18 U.S.C. § 2333(d)) in its complaint. However, although § 2333(d) was not enacted until after the Second Amended Complaint in *Freeman I* was filed (the section operates retroactively), it was fully briefed by the parties prior to Magistrate Judge Pollak's issuance of the R&R, and it underlies many of her recommendations.

We are mindful that *Freeman I* was assigned to Chief Judge Irizarry before she took on the duties of Chief Judge and that *Freeman II* only adds (considerably) to the scope of the case. Therefore, we defer to the Court as to whether, in the totality of the circumstances (including Your Honor's own docket), these complex cases should be consolidated and overseen by Your Honor.

In sum, as the fourth anniversary of the filing of *Freeman I* has passed, Plaintiffs' principal concern is that whatever administrative approach the Court ultimately chooses, the *Freeman* cases are consolidated and the Plaintiffs' claims are adjudicated as promptly as practicable and resolved by a jury, as Magistrate Judge Pollak's R&R has recommended.

Respectfully submitted,

/s/ Gary M. Osen

cc:     Chief Judge Dora L. Irizarry
        All Counsel