# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2490
jblackman@cgsh.com

VICTOR I. LEWKOW
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
YARON Z. REICH
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW

FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE

DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

May 7, 2019

By ECF

The Honorable Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Freeman v. HSBC Holdings plc*, 18-cv-7359-DLI-CLP ("*Freeman II*")

Dear Chief Judge Irizarry:

    The Moving Defendants[1] respectfully seek a pre-motion conference concerning their request that the *Freeman II* action be stayed pending this Court's decision on the Moving Defendants' fully-briefed motions to dismiss in *Freeman v. HSBC Holdings plc*, 14-cv-6601-DLI-CLP ("*Freeman I*").

    Plaintiffs filed the *Freeman II* action on December 26, 2018, and marked it related to *Freeman I*. (*Freeman II*, ECF No. 1-1.) *Freeman II* was initially assigned to Judge Cogan, who set an initial conference for February 11, 2019. On January 25, 2019, Plaintiffs and the Moving Defendants agreed "that the time . . . to move, answer or otherwise respond to the complaint in [*Freeman II*] will be suspended until the February 11, 2019 initial conference before Judge Cogan, after which the parties will meet and confer regarding an appropriate schedule." (Ltr. from J. Blackman to G. Osen, attached as Ex. A.) In response to Judge Cogan's direction at the conference, the Moving Defendants filed a letter on February 15, 2019 setting forth their position on the most efficient administration of the two *Freeman* actions. (*Freeman II*, ECF No. 214.) The Moving Defendants agreed with Plaintiffs that *Freeman I* and *Freeman II* are related under the standards of Local Rule 50.3.1, and that it would be appropriate to assign both cases to a

---

[1] The "Moving Defendants" are HSBC Holdings PLC, HSBC Bank PLC, HSBC Bank Middle East Limited, HSBC Bank USA, N.A., Barclays Bank PLC, Standard Chartered Bank, The Royal Bank of Scotland N.V., Credit Suisse AG, and Commerzbank AG.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

single judge. (*Id.* at 2.) The Moving Defendants also suggested that it would be appropriate to stay all proceedings in *Freeman II* pending Your Honor's decision on the motions to dismiss in *Freeman I*. (*Id.*) On February 26, 2019, *Freeman II* was reassigned to Your Honor.

Last week, the parties began conferring about an appropriate course of action for *Freeman II*. The Moving Defendants proposed that *Freeman II* simply remain stayed pending a decision on the motions to dismiss in *Freeman I*, which is the approach that has been taken in every other similar Anti-Terrorism Act ("ATA") case pending against the Moving Defendants in the Eastern and Southern Districts of New York (as discussed further below). Plaintiffs refused, and instead have taken the position that they will agree to a stay of *Freeman II* only if the Moving Defendants waive any Fed. R. Civ. P. 12 defenses applicable to *Freeman II* beyond those raised in the *Freeman I* motions to dismiss. (*See* 4/30/19 e-mails, attached as Ex. B.) Alternatively, Plaintiffs have demanded that the Moving Defendants promptly file and brief motions to dismiss in *Freeman II*. (*Id.*) Indeed, Plaintiffs have stated that, absent agreement to their proposals, they "will consider Defendants in default on May 17 unless the Court issues a stay before that date." (*Id.*)

The Moving Defendants submit that a stay of *Freeman II* is appropriate, and that they should not be required to waive, or brief a motion to dismiss on, any defenses in *Freeman II* prior to a decision on the motions to dismiss in *Freeman I*. *First*, the interests of judicial efficiency and other relevant factors weigh strongly in favor of a stay. *Second*, all of the parties and judges that have considered this issue in other ATA cases pending in the Eastern and Southern Districts of New York have agreed that the cases should be stayed pending resolution of the fully-briefed motions to dismiss in the respective Districts.

*1.    The interests of judicial efficiency and other relevant factors strongly favor a stay.* In determining whether to stay a civil case, courts consider: (1) plaintiffs' interests in "proceeding expeditiously . . . balanced against the prejudice to the plaintiffs if delayed"; (2) defendants' interests and burdens; (3) "the interests of the courts"; (4) non-parties' interests; and (5) "the public interest." *Trikona Advisors Ltd.* v. *Chuang*, 2013 WL 1182960, at *3 (E.D.N.Y. Mar. 20, 2013). These factors support a stay here. *First*, this case has effectively been stayed by agreement of the parties since January 25, 2019. Plaintiffs will not be prejudiced by continuing the stay until resolution of the *Freeman I* motions to dismiss. *See McCracken* v. *Verisma Systems, Inc.*, 2018 WL 4233703, at *3 (W.D.N.Y. Sept. 6, 2018) ("[T]he fact delay will result from a stay does not, in and of itself, warrant denial of [a] motion [to stay]."). *Second*, given the significant overlap between *Freeman I* and *Freeman II*, the interests of the Moving Defendants, the Court and the public weigh in favor of a stay. The claims and legal theories in *Freeman I* and *Freeman II* are largely the same; the defendants are the same; and many of the *Freeman II* plaintiffs are relatives of *Freeman I* plaintiffs and are suing on attacks also at issue in *Freeman I*. There can be no serious dispute that the Court's ruling on the *Freeman I* motions to dismiss will have a major impact on *Freeman II*—however that motion is decided, it will, at a minimum, shape any subsequent disposition of *Freeman II* in a significant, and possibly dispositive, manner. It would be not only efficient, but beneficial for all parties and the Court, to await the ruling in *Freeman I* before briefing motions to dismiss in *Freeman II*.

Plaintiffs argue that the proposed stay would "set up serial motions to dismiss, which are a waste of judicial resources and are disfavored under Rule 12(g)(2)." (Ex. B.) But the opposite

is true: the proposed stay will conserve judicial resources by giving the parties the benefit of the Court's analysis of the similar legal and factual issues in *Freeman I* before deciding the most appropriate and efficient next steps in *Freeman II*. It would be inefficient and unnecessary to expend the parties' and the Court's resources by proceeding now with motion practice in *Freeman II* when the Court's ruling in *Freeman I* will indisputably impact the *Freeman II* complaint and/or the Moving Defendants' response to it. *See Trikona*, 2013 WL 1182960, at *2 (noting the "strong public interest in avoiding time-consuming an unnecessary duplicative litigation"). Accordingly, the relevant factors all favor continuing the stay in *Freeman II*.

**2.  *The proposed stay is consistent with the stays entered in similar pending ATA cases.*** A stay in *Freeman II* also would be consistent with the stays entered in other ATA cases pending against the Moving Defendants in this District and the Southern District of New York that arise out of the same general theories and allegations as the *Freeman* cases. In this District, those cases are *Tavera v. HSBC Bank USA, N.A.*, 18-cv-07312-LDH-SJB; *Stephens v. HSBC Holdings plc*, 18-cv-07439-RJD-CLP; and *Donaldson v. HSBC Holdings plc*, 18-cv-07442-LDH-JO. There the parties stipulated that the cases should be stayed pending resolution of the *Freeman I* motions to dismiss, and the court in each case entered a stay by "so-ordering" the stipulation.[2] In the Southern District, Magistrate Judge Gorenstein in the "*O'Sullivan II*" case (*O'Sullivan v. Deutsche Bank AG*, No. 18-cv-12325 (S.D.N.Y.)) so-ordered the parties' stipulation to stay the case pending Judge Swain's resolution of the motions to dismiss in the related "*O'Sullivan I*" case (*O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (S.D.N.Y.)). (*O'Sullivan II*, ECF No. 9.) On March 28, 2019, Judge Swain granted defendants' motions and dismissed all claims. The court permitted the *O'Sullivan I* plaintiffs to move for leave to amend their complaint. (*O'Sullivan I*, ECF No. 195.) Thereafter, Judge Gorenstein so-ordered the parties' stipulation to continue the stay in *O'Sullivan II* pending resolution of the motion to amend in *O'Sullivan I*. (*O'Sullivan II*, ECF No. 23.)[3]

In short, all factors argue for a stay of *Freeman II* pending this Court's decision of the motions to dismiss in *Freeman I*, and the Court should order such a stay.

Respectfully submitted,

Jonathan I. Blackman

(Attachments)

cc:  Counsel of Record (by ECF)

---

[2]  *See Tavera*, ECF No. 44 (Judge DeArcy Hall); *Stephens*, ECF No. 7 (Judge Dearie); *Donaldson*, Mar. 5, 2019 text order (Magistrate Judge Orenstein). Another ATA case was filed in this District in April 2019 on behalf of two plaintiffs. *Bowman v. HSBC Holdings, plc*, 19-cv-2146-PKC-SMG (E.D.N.Y.). None of the Moving Defendants has been served in *Bowman*, but plaintiffs' counsel in that case are also plaintiffs' counsel in the *Freeman* cases and have taken the same position regarding a proposed stay in *Bowman*. (*See* Ex. B.)

[3]  Ex. C is a chart summarizing the status of the ATA cases discussed in this letter.