
190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

September 13, 2023

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (PKC)(CLP)
     *Freeman, et al. v. HSBC Holdings plc, et al.*, 18-cv-7359 (PKC)(CLP)
     *Stephens, et al. v. HSBC Holdings plc, et al.*, 18-cv-7439 (PKC)(CLP)

     **Letter Motion Requesting Limited "Constructive" Discovery**

Dear Judge Chen:

  Pursuant to Local Rule 37.3, the *Freeman* Plaintiffs in the above-referenced cases respectfully write to request that the Court permit discovery for the limited purpose of permitting them and the *Stephens* plaintiffs to constructively request records (the "Records") from non-party KBC Bank[1] and Defendant Standard Chartered Bank ("SCB") that are already in the *Freeman* Plaintiffs' possession. As explained below, this procedure would permit Plaintiffs to reference certain information contained in the Records in their anticipated amended complaints, subject to the same protections under which the Records were produced to the plaintiffs in *Bartlett, et al., v. Société Générale de Banque au Liban SAL, et al.*, No. 19-cv-7 (CBA)(TAM). *See Bartlett*, ECF No. 273 (Protective Order or "PO").

  In essence, the *Freeman* Plaintiffs here seek leave to "subpoena" themselves. The request puts no burden on the producing parties and the records are as discoverable here as they were in *Bartlett*, which is another JASTA aiding and abetting case filed in this same District. The request would merely permit Plaintiffs the opportunity to make their best case here and relieve the *Bartlett* court of considering discovery issues for another court. *See* **Exhibit A** (Proposed Order). Magistrate Judge Merkl is copied on this Letter Motion.

## BACKGROUND

  On June 27, 2023, the Court held a conference relating to Plaintiffs' motion to amend their complaints in the *Freeman* Actions. During that conference, Plaintiffs explained that "part of what we envision in amending *Freeman* [*II*] … would be to ask the district court in *Bartlett* to allow us to incorporate certain information we gathered from third-party subpoenas in that case and to include them in some form under seal or redacted form in a *Freeman* consolidated amended complaint." Transcript at 10. The Court granted Plaintiffs' motion to amend, with the Second

---

[1] KBC does *not* object to Plaintiffs' use of records in this case that it produced in *Bartlett*.

Amended Complaint due on September 26, 2023. However, the parties and the Court noted that a problem might arise if the *Bartlett* court did not address Plaintiffs' discovery motion before that date. *See id.* at 46 (THE COURT: "if there's going to be a problem in *Bartlett* [] let me know.").

Following the conference, Plaintiffs met and conferred with counsel for KBC and SCB for permission to use the Records in *Freeman* that those banks produced in *Bartlett*. KBC indicated that it did **not** object, but SCB indicated that it would. On July 21, 2023, Plaintiffs moved for that relief in *Bartlett* pursuant to *Bartlett* PO ¶ C, which provides that "a Party may move before the Court in this Litigation by letter motion to request permission to use Discovery Material in another case or matter." Plaintiffs showed that Circuit case law permits use of records from one case in another so long as they were not obtained in bad faith. *See Bartlett* ECF No. 335 (motion).

SCB and the *Bartlett* defendants objected, arguing that the *Bartlett* PO prohibited using records in other cases (paragraph C notwithstanding) and Plaintiffs could not meet the standard for modifying the Order. Plaintiffs explained that paragraph C already contemplated such use with court oversight (the *Bartlett* PO contains a different provision for modifying the agreement, paragraph K), but also argued that (1) the modification standard does not come into play where producing parties would have been compelled to produce the records regardless of the PO and (2) Plaintiffs would have met the modification standard even if it did somehow apply because they had a compelling need to reference the Records in support of their claims in *Freeman*. *See In re EPDM*, 255 F.R.D. 308, 319 (D. Conn. 2009) and *Charter Oak Fire Ins. Co. v. Electrolux Home Prod., Inc.*, 287 F.R.D. 130 (E.D.N.Y. 2012). The *Bartlett* court has not yet ruled on the motion or scheduled any further proceedings relating to it.

## ARGUMENT

Given that the *Bartlett* court has not yet addressed Plaintiffs' motion and the Plaintiffs' amended complaints are currently due in two weeks, Plaintiffs hope to streamline things by making this request to lift the stay of discovery for the limited purpose of permitting Plaintiffs to constructively "request" the Records for use in *Freeman*. Because the Plaintiffs already possess the records at issue, there is no burden to KBC or SCB.[2] And as discussed at the June 27 conference, and as contemplated by the Proposed Order, the parties here can be bound to the confidentiality terms of the *Bartlett* Protective Order, which the Court previously noted "certainly … seems relatively easy to facilitate." Transcript at 42.

There is no inherent bar to discovery while a motion to dismiss is pending. *See Rivera v. Inc. Vill. of Farmingdale*, 2007 U.S. Dist. LEXIS 99970, *2 (E.D.N.Y. Oct. 17, 2007). ("The law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss."). Where discovery is stayed pending a motion to dismiss it is because the contemplated discovery creates a *burden* that may be unnecessary if the motion is successful. Courts determining whether to stay discovery in complex cases consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of

---

[2] While courts have noted a concern that parties in state court or in criminal cases could bring federal civil cases "chiefly for the purpose of exploiting the liberal discovery devices available in federal civil actions,'" *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992), both *Bartlett* and *Freeman* are JASTA cases filed in this District.

discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 U.S. Dist. LEXIS 168468, *4 (E.D.N.Y. Dec. 3, 2014) (quoting *Rivera*, 2007 U.S. Dist. LEXIS 99970, *4). All three factors heavily support Plaintiffs' position.

Under this motion, of course, there would be no formal discovery request at all, much less any burden in responding to it. Conversely, there *would* be unfair prejudice to Plaintiffs in barring them from referencing records (already in the *Freeman* Plaintiffs' possession) in their amended complaints because doing so would prevent the Court from deciding the cases on the merits.

And as Plaintiffs' counsel discussed during the June 27 conference, Plaintiffs have strong grounds to believe their claims are "meritorious," not only because the Defendants have all admitted to engaging in vast criminal conduct but because the dismissal of Plaintiffs' aiding and abetting claims in *Freeman II* was at least in part predicated on the district court decisions in *Kaplan* and *Honickman* that have since been rejected by the Second Circuit. *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021); *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021). For example, the Second Circuit in *Honickman* explained that the district court erred because it "rejected the foreseeability principle," which "contravenes" the statutorily controlling case *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983). *Id.* at 497. The Supreme Court recently reaffirmed the foreseeability principle from *Halberstam*: "As *Halberstam* makes clear, people who aid and abet a tort can be held liable for other torts that were 'a foreseeable risk' of the intended tort." *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206, 1225 (quoting *Halberstam*, 705 F. 2d, at 488). *See also id.* at 1219 ("*Halberstam* clarified that those who aid and abet 'a tortious act may be liable' not only for the act itself but also 'for other reasonably foreseeable acts done in connection with it.'") (quoting *Halberstam*, 705 F.2d at 484). Furthermore, the Circuit confirmed that JASTA "reach[es] persons who provide support for international terrorism 'directly or indirectly.'" *Kaplan*, 999 F.3d at 856 (quoting JASTA, § 2(b)).

Plaintiffs' counsel met and conferred with defense counsel, which have indicated that they object to this motion, just as SCB objected to the parallel motion in *Bartlett*. Understandably, SCB does not want further evidence disclosed to this Court, even in redacted form or under seal. It argues that the Records, which relate to banking services provided to alleged Hezbollah entities, are irrelevant to Plaintiffs' claims in *Freeman*, which it views as limited to admitted criminal conduct such as stripping SWIFT messages for the benefit of Iranian entities, as well as other criminal conduct detailed in Plaintiffs' prior complaints. In SCB's view, evidence it or other Defendants aided and abetted Hezbollah would constitute new claims for which they had no prior notice. This is flatly incorrect—Plaintiffs' claims are that "Defendants aided and abetted … the IRGC (FTO) and Hezbollah (FTO) (and their agents and proxies acting in concert with them and at their direction), who were the persons … that committed the acts of international terrorism set forth herein." Amended Complaint, ECF No. 72 ("FAC"), ¶ 3746. The FAC alleges that "[e]ach Defendant knowingly provided substantial assistance, directly or indirectly, to the IRGC and its agents … and Hezbollah." *Id.* ¶ 3747. In fact, there is an entire section of the FAC dedicated to allegations that SCB facilitated transactions on behalf of "an Agent of Hezbollah." FAC § VI.K.2.c. pp. 181-184. Indeed, the term "Hezbollah" appears approximately 1,100 times in the FAC.

That said—given that the attached Proposed Order places no discovery burden on SCB or any other party—even crediting SCB's objections, they are more properly raised in a motion to dismiss, not as a basis for censoring the contents of a complaint.

Plaintiffs therefore respectfully request that the Court either enter the attached Proposed Order or confer with Magistrate Judge Merkl to resolve the issue in whatever manner is most efficient and appropriate to effectuate the use of the Records so that the *Freeman* and *Stephens* cases can be decided on their merits.[3]

                    Respectfully submitted,

                    /s/ Gary M. Osen

cc:    Magistrate Judge Merkl
        All counsel

---

[3] Plaintiffs will file a separate motion to seek postponement of the September 26, 2023, deadline for filing the amended complaints until such time as the issues raised herein are resolved. Defendants indicated that they object to that motion.