

190 Moore Street, Suite 272, Hackensack, New Jersey  07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York  10018
T: 212 354 0111
www.osenlaw.com

March 14, 2024

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Freeman, et al. v. HSBC Holdings plc, et al.*, **18-cv-7359 (PKC)(CLP)**

Dear Judge Chen:

Plaintiffs write in response to SCB's letter brief, ECF No. 125 ("Ltr."). SCB's arguments consist almost entirely of misstatements of the record on issues already resolved by this Court and the court in *Bartlett v. Société Générale de Banque au Liban SAL*, No. 19-cv-7 (CBA)(TAM).

But after pages of meritless accusations, SCB ultimately concludes that:

[S]hould the Court be inclined to consider the SAC's phantom allegations, SCB respectfully requests that the Court (i) limit the scope of discovery only to the specific banking records from which Plaintiffs sourced the redacted allegations in the SAC; and (ii) require that any such information be kept confidential by the *Freeman II* parties and those portions of the SAC be filed under seal in *Freeman II*.

Ltr. at 5.

**That is precisely the purpose of Plaintiffs' Document Request and a resolution that Plaintiffs readily accept**. The Court can simply order Plaintiffs' counsel to file the unredacted Second Amended Complaint ("SAC") under seal and specify that "the redacted information be kept confidential by the" *Freeman* parties (including the *Freeman I* plaintiffs, *if* amendment is permitted in that case).

To be clear, Plaintiffs' position has been consistent and unambiguous. For example:

MR. RADINE: [I]f Your Honor were to grant, assuming Standard Chartered objects, which I think it's indicated it would, that the discovery is appropriate, **all we'd be seeking now is to file the unredacted version of the complaint under seal.**

Feb. 5, 2024, Transcript at 10 (emphasis added). *See also id.* at 71 (confirming that "the proposed amendment in *Freeman I* [is] based on the same information that [Plaintiffs are] using in *Freeman II*").

Likewise, in the same transcript, Plaintiffs' counsel stated that, "if Your Honor's original proposal was adopted and we … served the subpoena," and "the plaintiffs were able to use the material, the way they would, quote/unquote, use the material is simply filing an unredacted version of the complaint under seal." *Id.* at 46. Even SCB acknowledges that Plaintiffs' counsel stated that, "[a]t this stage, we're not seeking anything beyond what essentially underlies the redacted allegations in the complaint." Ltr. at 3 (quoting 2/5/2024 Tr. at 10).

And this is the same request in Plaintiffs' first motion for constructive discovery before they filed their amended complaint, which only sought leave "to reference certain information contained in the [*Bartlett*] Records in their anticipated amended complaints, subject to the same protections under which the Records were produced to the plaintiffs in *Bartlett*." ECF No. 113 at 1. *See also* ECF No. 113-1 (proposed order). It is also the same request as in their *renewed* motion for discovery filed after they filed their amended complaint, which explained that denying Plaintiffs discovery of these records would "simply den[y] the Court access to the entirety of Plaintiffs' allegations set forth in the amended complaints and denies Plaintiffs the opportunity to have their cases decided on the full merits, using the facts already in their possession." ECF No. 120 at 2.

This *should* end the inquiry. However, because SCB's counsel has once again transformed an anodyne procedural issue into a litany of accusations of impropriety, Plaintiffs briefly correct SCB's misstatements for the record.

***First***, SCB yet again accuses Plaintiffs of violating the protective order in *Bartlett* by *redacting* allegations derived from confidential information. The Court has already rejected this argument—twice. The Court denied SCB's motion to compel Plaintiffs to re-file the SAC without redacted allegations, which motion was premised on SCB's argument that the SAC's redactions somehow violated orders in *Bartlett*. *See Freeman II*, January 8, 2024, Minute Order. And during the February 5, 2024, conference, the Court again rejected SCB's argument: "[Filing redactions] I don't consider misuse just yet because it really hasn't come to fruition. I mean, it's sitting there under, you know, blackout, so that's not using it, in my opinion." 2/5/2024 Tr. at 18.

Indeed, SCB's letter to Judge Merkl, filed in this case at ECF No. 126, more forthrightly admits that "the *Freeman II* plaintiffs did not publicly file those allegations, or disclose them to the *Freeman II* court or the other parties in that case" (although it nevertheless argues that redacting the allegations is somehow a ruse to "feign" compliance with the *Bartlett* protective order). *See also* Plaintiffs' Response Letter, *Bartlett* ECF No. 376, attached hereto as **Exhibit A**, at 3-4 & n.3.

***Second***, SCB repeats its erroneous assertion that Plaintiffs were "expressly precluded" in *Bartlett* from using records produced in that case in *Freeman*. But, as SCB knows, the *Bartlett* court denied plaintiffs' request to use records produced under the PO "without prejudice," noting that if "Judge Pollak or Judge Chen … commence discovery in" *Freeman*, "discovery may be cross-applied" between the cases. *Bartlett* 9/27/2023 Tr. (attached hereto as **Exhibit B**) at 59. *See also Freeman II*, ECF No. 120 at 2; *Freeman II* 2/5/2024 Tr. at 10, 50. Judge Amon likewise premised her decision on that request in part on the finding that "the *Freeman* parties at this stage in their litigation have not been permitted to engage in discovery." *Bartlett* ECF No. 368 at 10-11. Indeed, Your Honor noted that Judge Amon's "ruling was really based on the fact that discovery

had not restarted here….” 2/5/2024 Tr. at 8. This Court has now lifted the stay of discovery to permit the requests Plaintiffs made here. *See* Feb. 8, 2024, Minute Order.

SCB also erroneously suggests that requesting records in one case that were produced in another subject to a protective order "would not be permitted in this case under Second Circuit law." Ltr. at 2. Protective orders in one case do not immunize documents from *requests* in all other cases, as is evident from the *Bartlett* court orders anticipated "cross-applying" discovery between the cases. Instead, SCB's argument relies on the "absurd tenet that a party can avoid discovery in one case merely because it disclosed the same material to an adversary bound by a protective order in another case." *Carter-Wallace, Inc. v. Hartz Mtn. Indus.*, 92 F.R.D. 67, 69 (S.D.N.Y. 1981). Where records might be relevant in "currently pending matters or future cases similar to the case at bar," the producing party "cannot rely on the Protective Order as a means of protecting discovery that would otherwise be discoverable in the related actions." *Charter Oak Fire Ins. Co. v. Electrolux Home Prods.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012). Parties routinely request records produced pursuant to a protective order for use in other cases. *See, e.g.*, *In re EPDM Antitrust Litigation*, 255 F.R.D. 308, 314 (D. Conn. 2009) (granting third party's request to avoid expensive discovery "by having access granted to the materials filed in connection with this suit," when agreeing "to abide by the terms of the Protective Order").

**Third,** SCB again argues that plaintiffs are not "entitled" to discovery at this stage to "salvage" an insufficient complaint. Ltr. at 4. As an initial matter, SCB does not dispute the fact it was within the Court's discretion to issue its order, which "lifted the stay of discovery … for the limited purpose of permitting the … Plaintiffs to subpoena Defendant Standard Chartered Bank and non-party KBC Bank for the information obtained in *Bartlett* (19cv7) that is the subject of Plaintiffs' [120] letter motion for discovery," Feb. 8, 2024, Minute Order.[1] Nor does SCB argue that the Court abused that discretion.

Instead, SCB cites cases observing that plaintiffs are not ordinarily entitled to hunt for facts to salvage "a non-viable claim." Ltr. at 4 (quoting *Landon*, 2009 U.S. Dist. LEXIS 153412, at *4). But, as Plaintiffs explained in their renewed motion for discovery, ECF No. 120, and during the June 27, 2023, conference, Plaintiffs do not seek discovery to salvage their complaint. Rather, their request for amendment was part of their assertion that the Court's dismissal decision relied on the erroneous pleading standards set forth in the district court opinions *Honickman v. BLOM Bank SAL*, 432 F. Supp. 3d 253 (E.D.N.Y. 2020), and *Kaplan v. Lebanese Canadian Bank*, 405 F. Supp. 3d 525 (S.D.N.Y. 2019), which were subsequently rejected by the Second Circuit.[2] Plaintiffs explained that their proposed amendment would reflect the standards delineated in the Circuit's

---

[1] As one of SCB's cited cases states, "[t]he decision of whether to order a subpoena"—there, after the dismissal of an initial complaint—"is entrusted to the sound discretion of the trial court." *Landon v. Cnty. of Orange*, No. 08-cv-8048 (CS) (LMS), 2009 U.S. Dist. LEXIS 153412, at *2 (S.D.N.Y. Aug. 27, 2009).

[2] In *Honickman*, the Second Circuit "agree[d] [with the plaintiffs] that the court did not apply the proper standard" both as to aiding and abetting and pleading knowledge generally. 6 F.4th 487, 490, 497 (2d Cir. 2021). In *Kaplan*, the Circuit likewise rejected the aiding and abetting and knowledge pleading standards fashioned by the lower court, finding that the latter "def[ied] common sense." 999 F.3d 842, 864, 867 (2d Cir. 2021).

decisions (as well as the further guidance provided by the *Taamneh* decision),[3] but it was *also* an opportunity to add information they had acquired in the intervening years, including (but far from limited to) information sourced from records they received in *Bartlett* that indicated that certain *Freeman* defendants held accounts for and/or processed transactions for the IRGC and Hezbollah. *See Freeman II* 6/27/2023 Transcript at 10-11, 42.

Plaintiffs thus sought to include the additional allegations because they should "be afforded an opportunity to test [their] claim[s] on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court likewise acknowledged the importance of using whatever available information may support the merits: "I don't like knowing that there is this information out there that could well be helpful, or at least plaintiffs believe it's helpful. And it is there, it has been produced, it's not speculative, and it even physically exists in plaintiffs' possession." 2/5/2024 Tr. at 29. The Court also noted that Plaintiffs acted "diligently" and "justice more requires me to look at what exists rather than rely or vaunt, I guess, procedure over substance." *Id.* at 2.

SCB argues that the Court's order lifting the discovery stay here effectively permits Plaintiffs to attempt to salvage their insufficient claims and thereby hinders Rule 12(b)'s intent "'to streamline litigation by dispensing with needless discovery.'" Ltr. at 2 (quoting *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009)). *See also Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) (same).[4] But not only was that order clearly within the Court's discretion, here there is no "needless discovery" because Plaintiffs have only asked to file an unredacted version of the SAC under seal, **which SCB has now stated it would accept**.

*Fourth,* SCB asserts that Plaintiffs have deceived the Court by serving an excessive document request on SCB ("contrary to what Plaintiffs had represented to the Court"), "thus revealing Plaintiffs' effort for what it is—a desperate attempt to fish for discovery that may somehow help them argue that the Court should revive their long-dismissed claims." Ltr. at 4. But it was the Court that suggested that the discovery would be for the same records. *See* Tr. 2/5/2024 Tr. at 7 ("I think what you can do though is subpoena the same records from the same parties …."); 8 ("[W]e should just deal with it, in this case, with a straightforward discovery request subpoena for one party or discovery request on the defendant party for that same information."); 11 ("here it would be a discovery request to [SCB] to produce essentially the same records that were produced in *Bartlett*").

---

[3] As no judgment was entered in *Freeman II*, the Court was free to grant amendment or otherwise reconsider its dismissal decision. Even if it had entered judgment, the Second Circuit has now clarified in *Honickman* that it is an abuse of discretion not to vacate a judgment premised on incorrect standards to permit amendment to meet the correct ones. *See Honickman v. Blom Bank*, No. 22-1039, 2024 U.S. App. LEXIS 4748 (2d Cir. Feb. 29, 2024).

[4] *Main St.* cites *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375 (S.D.N.Y. 2004), which SCB cited in a prior *Bartlett* letter, but has dropped following Plaintiffs' discussion of that case in their renewed motion for discovery, ECF No. 120 at 2-3. As Plaintiffs explained, *Podany* explains that "post-dismissal" discovery is an issue "where plaintiffs' hope of finding facts to salvage the complaint is entirely speculative," as the court should "avoid saddling defendants with the burden of discovery in meritless cases…." *Podany* 350 F. Supp. 2d at 377, 378. But here, (1) discovery is burdenless, (2) the claims are not meritless, and (3) Plaintiffs are not "hoping to uncover facts" to "salvage" their claims—they are only seeking to file an unredacted version of their complaint under seal, which SCB has agreed to.

Thus, SCB's conspiratorial thinking aside, the document request SCB received is substantively *the same as the subpoena* that the *Bartlett* plaintiffs served on SCB—which is precisely what the parties discussed at the conference. Indeed, where the question was raised if a document request itself could be impermissibly crafted using confidential information, Plaintiffs' counsel explained: "No knowledge is needed of the documents *to reissue the subpoena we issued in Bartlett to SCB*," 2/5/2024 Tr. at 39 (emphasis added), because the *Bartlett* subpoena was obviously written *before* the *Bartlett* plaintiffs received any documents responsive to it. And as discussed above, the only result Plaintiffs are seeking from this discovery process—which SCB has already agreed to—is leave to file an unredacted version of the SAC under seal and to confidentially provide copies to Defendants of that document.

Given all the foregoing, it is hard to explain the level of invective in SCB's recent letters, particularly considering the perfectly cordial and professional communications between counsel throughout this litigation, including on this issue. Hopefully, once the Court enters an order along the lines agreed to by SCB stating that the redacted allegations in the SAC "be kept confidential by the *Freeman II* parties and those portions of the SAC be filed under seal in *Freeman II*," the rhetorical temperature will be lowered and Plaintiffs will be given a fulsome opportunity to test their claims on the merits.

Respectfully submitted,

/s/ Michael J. Radine

cc: All counsel

Encls.