UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KATHALEEN FREEMAN, *et al.*,

        Plaintiffs,

  - against -

HSBC HOLDINGS PLC, HSBC BANK PLC,      **MEMORANDUM & ORDER**
HSBC BANK MIDDLE EAST LIMITED,          18-CV-7359 (PKC) (CLP)
HSBC BANK USA, N.A., BARCLAYS BANK      19-CV-2146 (PKC) (CLP)
PLC, STANDARD CHARTERED BANK,
ROYAL BANK OF SCOTLAND, N.V.,
CREDIT SUISSE AG, BANK SADERAT
PLC, COMMERZBANK AG, *and* JOHN
DOES 1–50,

        Defendants.
-------------------------------------------------------x
RYAN BOWMAN, *et al.*,

        Plaintiffs,

  - against -

HSBC HOLDINGS PLC, HSBC BANK PLC,
HSBC BANK MIDDLE EAST LIMITED,
HSBC BANK USA, N.A., BARCLAYS BANK
PLC, STANDARD CHARTERED BANK,
ROYAL BANK OF SCOTLAND, N.V.,
CREDIT SUISSE AG, BANK SADERAT
PLC, COMMERZBANK AG, *and* JOHN
DOES 1–50,

        Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      This case involves allegations brought by Plaintiffs under the Antiterrorism Act (the "ATA"), 18 U.S.C. § 2333, as amended by the Justice Against State Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016). Presently before the Court are: (i) Plaintiffs' motion to file under seal an unredacted version of the Second Amended Complaint;

and (ii) the motion of the defendants who have appeared in this case (the "Appearing Defendants"[1]) to quash the discovery request and subpoena served, respectively, on Defendant Standard Charter Bank ("SCB") and non-party KBC Bank.[2]  For the reasons discussed below, the Court: grants the Appearing Defendants' motion to quash; denies Plaintiffs' request to file an unredacted version of the Second Amended Complaint, instead ordering Plaintiffs to file a third amended complaint that does not contain allegations based on the discovery materials discussed *infra*; and sets a schedule for briefing the Appearing Defendants' motion to dismiss as to the to-be-filed third amended complaint.

## BACKGROUND

### I. Factual Allegations

In November 2014, a group of American citizens killed or injured by terrorist attacks in Iraq between 2004 and 2011, and/or their families, filed an action, *Freeman v. HSBC Holdings PLC*, No. 14-CV-6601 (PKC) (CLP) ("*Freeman I*"), against ten banking institutions—HSBC Holdings, PLC; HSBC Bank PLC; HSBC Bank Middle East Limited; HSBC Bank USA, N.A.; Barclays Bank PLC; SCB; Royal Bank of Scotland, N.V.; Credit Suisse AG; Bank Saderat PLC; and Commerzbank AG—as well as John Does 1–50, seeking damages pursuant to the ATA, as amended by JASTA.

---

[1] In addition to Standard Charter Bank, the Appearing Defendants are HSBC Holdings PLC; HSBC Bank PLC; HSBC Bank Middle East Limited; HSBC Bank USA, N.A.; Barclays Bank PLC; Royal Bank of Scotland N.V. (f/k/a ABN AMRO Bank N.V.); Credit Suisse AG; and Commerzbank AG.  (Defs.' 1/5/2024 Letter, Dkt. 119, at 1 n.1.)

[2] The Appearing Defendants' denomination of their motion as one to quash is partially a misnomer, since they do not rely on Federal Rule of Civil Procedure 45, and one of the parties from whom Plaintiffs seek information is a defendant, not a third party, in this case.  Nonetheless, the Court adopts that term as shorthand for the Appearing Defendants' motion.  The Court also uses the terms "discovery request" and "subpoena" interchangeably.

2

While *Freeman I* was pending, a different group of Americans who were injured or killed by terrorist attacks in Iraq, and/or their families, represented by the *Freeman I* counsel, filed two additional actions, *Freeman v. HSBC Holdings PLC*, No. 18-CV-7359 (PKC) (CLP) ("*Freeman II*"), and *Bowman v. HSBC Holdings PLC*, No. 19-CV-2146 (PKC) (CLP), seeking damages under the ATA and JASTA against the same defendants for materially the same conduct. These two cases were consolidated on July 13, 2023, with *Freeman II*, No. 18-CV-7359, becoming the lead case.[3]  (7/13/2023 Docket Order.[4])  *Freeman II* and *Freeman I*, together, are "the *Freeman* actions."  On January 1, 2019, Plaintiffs[5] filed another action in this district against a different group of defendants, *Bartlett v. Société Generale de Banque au Liban SAL*, No. 19-CV-0007 (CBA) (TAM) ("*Bartlett*"),[6] "proceed[ing] on different theories of liability than the causes of action brought" in the *Freeman* actions. (*Bartlett*, No. 19-CV-0007, Disc. Mem. & Order, Dkt. 368, at 1–2.)

## II. Procedural History

The procedural background of this case is extensive, and the Court will recount only those facts necessary to resolve the present disputes.

---

[3] Accordingly, references throughout this Memorandum & Order to "*Freeman II*" that refer to events prior to July 13, 2023, are to No. 18-CV-7359, and references that refer to events on or after July 13, 2023, are to the consolidated cases, No. 18-CV-7359 and No. 19-CV-2146.

[4] References to docket entries without preceding case numbers are to the No. 18-CV-7359 case.

[5] For purposes of this Memorandum & Order, "Plaintiffs" refers to the plaintiffs in *Freeman II*.

[6] "[A]ll [P]laintiffs in [*Freeman II*] are also plaintiffs in *Bartlett*." (Second Am. Compl. with Full Caption ("SAC"), Dkt. 118, at 3 n.5.)

3

A. **The Instant Litigation**

This Court dismissed *Freeman I* in its entirety for failure to state a claim in 2019. *Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 73 (E.D.N.Y. 2019), *aff'd*, 57 F.4th 66 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 83.  In 2020, this Court also dismissed the lead case in *Freeman II*, No. 18-CV-7359 against all defendants, except for Defendant Bank Saderat PLC, for failure to state a claim. *Freeman v. HSBC Holdings PLC*, 465 F. Supp. 3d 220, 235 (E.D.N.Y. 2020), *recons. denied*, 2020 WL 4481944.  In 2021, the Court granted in part and denied in part Plaintiffs' motions for default judgment against Defendant Bank Saderat PLC. *Freeman v. HSBC Holdings PLC*, Nos. 18-CV-7359 & 19-CV-2146, 2021 WL 76925, at *1 (E.D.N.Y. Jan. 7, 2021).  *Freeman II* was stayed first pending the appeal in *Freeman I* and then pending the outcome of *Twitter, Inc. v. Taamneh*, which the Supreme Court decided on May 18, 2023.  598 U.S. 471 (2023); (1/28/2021 Minute Entry; 2/16/2023 Docket Order.).

On June 27, 2023, the Court granted Plaintiffs' request in *Freeman II*[7] to file an amended complaint, (6/27/2023 Minute Entry), which included a request "to incorporate records produced by third parties in *Bartlett*," (*Bartlett*, No. 19-CV-0007, Pls.' R. 72(a) Objs., Dkt. 348, at 3 (citing *Bartlett*, No. 19-CV-0007, 6/27/2023 *Freeman II* Hr'g Tr., Dkt. 348-2, at 10:18–23)).  In granting Plaintiffs' request, the Court "made clear that [it] was not ruling or taking a position on whether the *Bartlett* protective order [that covered the third-party records] allowed the *Freeman* [*II* P]laintiffs to use *Bartlett* discovery material in the *Freeman* [*II*] complaint." (*Bartlett*, No. 19-CV-0007, Disc. Mem. & Order, Dkt. 368, at 2 (citing *Bartlett*, No. 19-CV-0007, 6/27/2023 *Freeman II* Hr'g Tr., Dkt. 348-2, at 46).)  The *Bartlett* discovery material Plaintiffs sought to use

---

[7] At the time the Court orally granted Plaintiffs' request to amend the complaint on June 27, 2023, the cases were still denominated as *Freeman II* and *Bowman*. (6/27/2023 Minute Entry.) The matters were subsequently consolidated into *Freeman II*. (7/13/2023 Docket Order.)

4

to amend the *Freeman II* complaint included records from KBC Bank, non-party to both *Bartlett* and *Freeman II*, and from Defendant SCB, which is a non-party in *Bartlett*. (*Id.* at 3.) On July 21, 2023, Plaintiffs sought permission from the *Bartlett* court to use these records in *Freeman II*. (*Bartlett*, No. 19-CV-0007, Pls.' 7/21/2023 Letter, Dkt. 335.) On September 13, 2023, Plaintiffs filed in *Freeman II* a motion for "limited constructive discovery," in which they sought to subpoena themselves for the records they obtained from discovery in *Bartlett*. (Pls.' Mot. Constructive Disc., Dkt. 113, at 1.) The Court denied Plaintiffs' motion for "limited constructive discovery" on September 15, 2023, "[g]iven the pending discovery motion in *Bartlett* . . . and the existence of [a] protective order in that case." (9/15/2023 Docket Order.) The Honorable Taryn A. Merkl, the Magistrate Judge assigned to *Bartlett*, denied Plaintiffs' request to use the *Bartlett* materials in *Freeman II* at a conference on September 27, 2023. (*Bartlett*, No. 19-CV-0007, 9/27/2023 Minute Entry.) Plaintiffs appealed to the Honorable Carol B. Amon, the District Judge in *Bartlett,* but Judge Amon denied that appeal on December 21, 2023. (*Bartlett*, No. 19-CV-0007, Disc. Mem. & Order, Dkt. 368, at 11.)

Plaintiffs filed the SAC in *Freeman II* on December 28, 2023. (SAC, Dkt. 118.)[8] The SAC contains dozens of pages of redactions, (*see, e.g.*, *id.* at 163–71, 176–85), which were either "sourced from records Plaintiffs received from third parties in response to subpoenas issued in *Bartlett* . . . subject to a protective order in that case," or were "*not* sourced from records Plaintiffs received from third parties in response to [the *Bartlett* subpoenas]" but were redacted "in order to further reduce any inferences that could be drawn as to the confidential material," (*id.* at 3 n.5).

---

[8] The Court notes that Plaintiffs also filed a version of the Second Amended Complaint one day prior, on December 27, 2023, which did not contain a full caption. (Dkt. 117.) Because the version filed at Dkt. 118 includes a full caption that lists all Plaintiffs, (SAC, Dkt. 118), the Court views this later version as the operative SAC for purposes of this Memorandum & Order.

Plaintiffs state in the same footnote in the SAC that these records would "presumably" be obtained via discovery in *Freeman II* as well. (*Id.*)  SCB, on behalf of the Appearing Defendants, filed a letter objecting to Plaintiffs' "rel[iance] on confidential discovery materials obtained in another case to draft their SAC," and requested that the Court order Plaintiffs "to file a new version of the SAC without the . . . redactions." (Defs.' 1/5/2024 Letter, Dkt. 119, at 3.)  The Court then stayed the schedule for motion to dismiss briefing "pending the resolution of Plaintiffs' third-party discovery," and "denie[d] the Appearing Defendants' request to direct Plaintiffs to re-file the Second Amended Complaint without the redactions."[9] (1/8/2024 Docket Order.)

Plaintiffs next filed a renewed motion for "constructive discovery" in both *Freeman II* and *Freeman I*, again seeking to subpoena themselves for the *Bartlett* discovery material. (Pls.' Renewed Mot. Constructive Disc., Dkt. 120; *Freeman I*, No. 14-CV-6601, Pls.' Renewed Mot. Constructive Disc., Dkt. 274.)  At a hearing on February 5, 2024, the Court "lifted the stay of discovery in *Freeman II* . . . for the limited purpose of permitting . . . Plaintiffs to subpoena Defendant [SCB] and non-party KBC Bank for the information obtained in *Bartlett* . . . that [was] the subject of Plaintiffs'" renewed motion for constructive discovery. (2/6/2024 Minute Entry.) The Court also specified that the parties needed to "get a clarified ruling in *Bartlett*" as to "whether or not this particular use . . . violates [the *Bartlett*] protective order." (2/5/2024 Hr'g Tr., Dkt. 129, at 38:19–21.)

---

[9] On December 27, 2023, plaintiffs in another related case before this Court, *Stephens v. HSBC Holdings PLC*, No. 18-CV-7439 (PKC) (CLP), filed a first amended complaint, containing "factual allegations [that] . . . are substantially identical to those in the Second Amended Complaint filed by the plaintiffs in *Freeman II*, except it does not include redacted allegations, which Plaintiffs understand were sourced or otherwise derived from discovery materials obtained by the *Freeman II* plaintiffs in *Bartlett*." (*Stephens*, No. 18-CV-7439, First Am. Compl., Dkt. 19, at 1 n.1.) Although the *Stephens* first amended complaint did not contain the redacted allegations, "the Court stay[ed] the briefing schedule for Defendants' motions to dismiss in [*Stephens*] as well." (1/8/2024 Docket Order.)

The Court further set a schedule for Plaintiffs to serve subpoenas in *Freeman II*. (2/6/2024 Minute Entry.) On February 29, 2024, SCB, on behalf of the Appearing Defendants, filed its Letter Motion Opposing Plaintiffs' Request for Production of Documents, wherein it objected to "(a) Plaintiffs' First Request for the Production of Documents to Defendant [SCB]," and "(b) Plaintiffs' subpoena to non-Party KBC Bank." (Appearing Defs.' Letter Opp. Disc. ("Defs.' Opp. Disc."), Dkt. 125, at 1.) Appearing Defendants specifically request that "the Court order that SCB and KBC need not respond to Plaintiffs' discovery requests." (*Id*. at 5.) Plaintiffs responded on March 14, 2024, and requested that the Court "direct Plaintiffs to file an unredacted version of the SAC under seal." (Pls.' Resp., Dkt. 127, at 5.)

### B.   *Bartlett* Litigation

On February 29, 2024, SCB filed a letter motion in *Bartlett*, requesting that the *Bartlett* court enter an order (i) confirming that the *Bartlett* protective order "do[es] not permit Plaintiffs or their counsel to use materials that SCB and KBC Bank . . . produced . . . for any purpose other than the *Bartlett* case," and "(ii) admonishing the *Freeman I* and *Freeman II* plaintiffs' counsel against any further misuse of those materials." (*Bartlett*, No. 19-CV-0007, SCB's Letter Mot., Dkt. 374, at 1.) On August 13, 2024, Magistrate Judge Merkl granted SCB's letter motion, finding that "Plaintiffs' counsel . . . violated the" *Bartlett* protective order "[b]y analyzing the *Bartlett* Discovery Material to craft allegations for the [*Freeman II* SAC] and by relying on *Bartlett* Discovery Material to argue in support of seeking discovery in" *Freeman II*. (*Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 15.) Magistrate Judge Merkl also noted that "a protective order cannot be used 'as a means of protecting discovery that would otherwise be discoverable in the related actions.'" (*Id.* (quoting *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012).) Relatedly, as Magistrate Judge Merkl acknowledged, she did not "answer the . . . more difficult question" of whether "use" of materials

7

subject to a protective order prohibits a party's use of their *knowledge* of those materials to acquire them a second time in another matter. (*Id.* at 15–16 (finding that "the Court need not answer" the "more difficult question" because Plaintiffs' "document request in *Freeman II* is based on the subpoena that was issued in *Bartlett*, which was prepared before [*Bartlett*] counsel had any exposure to protected information.") (quoting 2/5/2024 Hr'g Tr., Dkt. 129, at 69:8–13).) Thus, Magistrate Judge Merkl concluded that the *Bartlett* protective order would not be "a bar to the *Freeman II* [P]laintiffs' discovery efforts, if Judge Chen finds that discovery is appropriate in that case without reference to information gleaned from *Bartlett* Discovery Materials." (*Id.* at 16.) On August 27, 2024, the *Bartlett* plaintiffs appealed Magistrate Judge Merkl's decision to Judge Amon. (*Bartlett*, No. 19-CV-0007, Pls.' Appeal, Dkt. 431.)

On December 19, 2024, Judge Amon denied the *Bartlett* plaintiffs' appeal, "agree[ing] with Magistrate Judge Merkl that Plaintiffs' 'review and incorporation of Discovery Material in the [*Freeman II* SAC]—even redacted—constitutes an improper use' because 'the Discovery Material was used to craft claims against SCB.'" (*Bartlett*, No. 19-CV-0007, Appeal Mem. & Order, Dkt. 453, at 7 (alteration in original) (quoting *Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 9).) Judge Amon further confirmed that Magistrate Judge Merkl did not "[hold] that mere knowledge that the Confidential Information exists when requesting the same records in another case is a violation of the" *Bartlett* protective order. (*Id.* at 10.) Lastly, Judge Amon confirmed that the protective order is not a "'bar' to Plaintiffs' *Freeman II* discovery efforts," further explaining that "to the extent Plaintiffs' 'document request in *Freeman II* is based on the subpoena that was issued in *Bartlett*, which was prepared before [Plaintiffs] had any exposure to Protected Information,' and Plaintiff[s] do[] not advocate for production before Judge Chen based on 'arguments grounded on' or 'gleaned from' *Bartlett* Discovery Material, such

8

discovery is appropriate." (*Id.* at 11 (cleaned up) (quoting *Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 16).)

On August 19, 2024, SCB on behalf of the Appearing Defendants filed a letter with this Court regarding Magistrate Judge Merkl's decision and requesting that the Court "order Plaintiffs' counsel to file a new amended complaint without [the] redacted information" and to "set a new motion-to-dismiss briefing schedule." (Defs.' 8/19/2024 Letter, Dkt. 130.) Plaintiffs filed a letter in response on August 28, 2024. (Pls.' 8/28/2024 Letter, Dkt. 131.) On December 20, 2024, Plaintiffs filed a letter with this Court regarding Judge Amon's decision, (Pls.' 12/20/2024 Letter, Dkt. 132), and on December 27, 2024, SCB filed a letter in response on behalf of the Appearing Defendants wherein they reiterated their requests from their August 19, 2024, Letter, (Defs.' 12/27/2024 Letter, Dkt. 134 (requesting "the Court 'order Plaintiffs' counsel to file a new amended complaint that does not include redacted allegations (or otherwise reflect information sourced from the *Bartlett* discovery material) and set a schedule for motion-to-dismiss briefing'")).

## DISCUSSION

### I. Defendants' Motion to Quash

#### A. Legal Standard

Courts "consistently den[y] discovery requests [that] are lodged for the purpose of obtaining extra information prior to amending a complaint." *K.A. v. City of New York*, No. 16-CV-4936 (LTS) (KNF), 2021 WL 5889254, at *2 (S.D.N.Y. Dec. 13, 2021) (collecting cases). This is because "a plaintiff's desire to gain more information in order to generate stronger pleadings is not a legitimate basis to compel discovery at this early stage." *Id.*; *see also Acklin v. Eichner*, No. 20-CV-7042 (GHW), 2024 WL 4826799, at *21 (S.D.N.Y. Nov. 18, 2024) ("Defendants are not obligated to produce . . . information to [p]laintiffs so that [p]laintiffs may

9

adequately plead a claim for relief."), *appeals filed*, Nos. 24-3341 & 25-3, 2024 WL 4826799 (2d. Cir. 2024).

## B.     Application

Although Plaintiffs' service of the same subpoenas used in *Bartlett*, in itself, is not prohibited by the *Bartlett* protective order, (*see Bartlett*, No. 19-CV-0007, Appeal Mem. & Order, Dkt. 429, at 6, 11), the Court nonetheless finds that those subpoenas are improper in this case because Plaintiffs are not entitled to discovery solely for the purpose of amending their complaint. Here, Plaintiffs' First Amended Complaint was dismissed, and now Plaintiffs seek to obtain discovery solely for the purpose of amending it a second time. *See K.A.*, 2021 WL 5889254, at *2 (noting that courts "consistently den[y] discovery requests [that] are lodged for the purpose of obtaining extra information prior to amending a complaint" and collecting cases)); *Acklin*, 2024 WL 4826799, at *21 ("Defendants are not obligated to produce . . . information to [p]laintiffs so that [p]laintiffs may adequately plead a claim for relief."). As the Court explained at the hearing in this matter: "The further step of saying . . . we would like to also get some discovery so that we can further bolster our claims against this motion to dismiss is something that is not generally permitted." (2/5/2024 Hr'g Tr., Dkt. 129, at 64:14–17; *see also id.* at 49:11–12 ("If you didn't have the information before you brought your complaint and it was dismissed, you're out of luck.").)

Admittedly, Plaintiffs are in the atypical situation of already possessing the information that they seek to subpoena. But because they are prohibited from using the information, they are functionally in the same position as plaintiffs who seek to file an amended complaint but do not possess the documents or other discovery materials that could be used to amend the complaint. And so Plaintiffs are not, at this point, entitled to discovery solely for the purpose of bolstering an

10

amended complaint, as this "desire . . . is not a legitimate basis to compel discovery at this . . . stage." *K.A.*, 2021 WL 5889254, at *2.

The Court also finds that Plaintiffs' request for the SCB and KBC records, in fact, runs afoul of Judge Amon's interpretation of the *Bartlett* protective order. As discussed, in ruling that the protective order is not a "'bar' to Plaintiffs' *Freeman II* discovery efforts," Judge Amon explained that "to the extent Plaintiffs' 'document request in *Freeman II* is based on the subpoena that was issued in *Bartlett*, which was prepared before Plaintiff[s] had any exposure to Protected Information,' *and* Plaintiff[s] do[] not advocate for production before Judge Chen based on 'arguments grounded on' or 'gleaned from' *Bartlett* Discovery Material, such discovery is appropriate." (*Bartlett*, No. 19-CV-0007, Appeal Mem. & Order, Dkt. 453, at 11 (emphasis added) (cleaned up) (quoting *Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 16).) In other words, Plaintiffs may make a discovery request in this case using the same subpoena that was issued in *Bartlett* so long as they do not advocate for production "based on 'arguments grounded on' or 'gleaned from' *Bartlett* Discovery Material." (*Id.* (quoting same).) But, here, Plaintiffs' arguments for why they should be permitted to subpoena SCB and KBC, i.e., that the records they seek from SCB and KBC are relevant to this case and, more specifically, to the SAC, are necessarily "grounded on" and "gleaned from" the *Bartlett* discovery materials. Had Plaintiffs not obtained those materials in *Bartlett*, they would not know that they might be relevant here.[10]

---

[10] In this regard, the Court notes that while Magistrate Judge Merkl did not "answer the . . . more difficult question" of whether "use" of materials subject to a protective order prohibits a party's use of their knowledge of those materials to acquire them a second time in another matter, (*Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 15–16 (citation omitted)), Judge Amon's subsequent decision, in effect, did, by clarifying that it would be improper for Plaintiffs to advocate for the production of documents in this case pursuant to the same subpoena used in *Bartlett* "based on 'arguments grounded on' or 'gleaned from' *Bartlett* Discovery Material," (*Bartlett*, No. 19-CV-0007, Appeal Mem. & Order, Dkt. 453, at 11). In any

11

Accordingly, the Court grants the Appearing Defendants' motion to quash and directs that "SCB and KBC need not respond to Plaintiffs' discovery requests." (Defs.' Opp. Disc., Dkt. 125, at 5.)

## II.  Plaintiffs' Motion to File the Second Amended Complaint Without Redactions

### A.  Legal Standard

Rules 15 and 16 of the Federal Rules of Civil Procedure govern the ability of a plaintiff to amend a complaint. After the outset of litigation, Rule 15(a)(2) allows "a party [to] amend its pleading only with the opposing party's written consent or the court's leave," which should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This is a 'liberal' and 'permissive' standard." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). The "period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Id*. Here, because the Court has not previously set a date after which no amendment will be permitted, Rule 15 is the appropriate standard.

### B.  Application

Plaintiffs seek leave to file "an unredacted version of the SAC under seal" that contains allegations based on the *Bartlett* discovery materials, (Pls.' 12/20/2024 Letter, Dkt. 132, at 3; *see also* Pls.' Resp., Dkt. 127, at 1), while the Appearing Defendants request that the Court "order Plaintiffs' counsel to file a new amended complaint that does not include redacted allegations (or otherwise reflect information sourced from the *Bartlett* discovery material) and set a schedule for motion-to-dismiss briefing," (Defs.' 12/27/2024 Letter, Dkt. 134, at 3). Putting aside the unique

---

event, this Court finds that the discovery Plaintiffs seek here is inappropriate because of the general prohibition on discovery for the purpose of amending a complaint.

12

circumstances here, the Appearing Defendants have provided written consent for Plaintiffs to amend their pleadings, thereby satisfying Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2).

Importantly, Judge Amon has clarified that Plaintiffs' incorporation of the *Bartlett* discovery material, as well as any analysis of that material, would "constitute an improper use" under the *Bartlett* protective order. (*Bartlett*, No. 19-CV-0007, Appeal Mem. & Order, Dkt. 453, at 7 (quoting *Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 9); *see also Bartlett*, No. 19-CV-0007, Protective Order Mem. & Order, Dkt. 429, at 15 ("By analyzing the *Bartlett* Discovery Material to craft allegations for the [SAC] in *Freeman II*, . . . the Court finds that Plaintiffs' counsel has violated the Protective Order.").) Thus, any amended complaint that Plaintiffs file in this case cannot include or reference the *Bartlett* discovery materials, or any analysis based on those materials.

Because the Appearing Defendants have provided written consent for Plaintiffs to amend their pleadings, (Defs.' 12/27/2024 Letter, Dkt. 134, at 3), and because "justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiffs' request to file an unredacted version of the SAC under seal is denied. Plaintiffs must instead file a third amended complaint that complies with the above instructions and guidance by March 28, 2025. Defendants shall file any motion to dismiss by April 28, 2025; Plaintiffs shall file their opposition brief by May 28, 2025; and Defendants shall file their reply, if any, by June 11, 2025.[11]

---

[11] The Court finds that it would be premature to address the Appearing Defendants' argument regarding the scope of Plaintiffs' discovery request on SCB and KBC. (*See* Defs.' Opp. Disc., Dkt. 125, at 5 ("Plaintiffs' [discovery] request is wildly overbroad" and "outside the scope of what the Court has authorized them to request")), and thus declines to do so.

## CONCLUSION

For the reasons explained above, Defendants' motion to quash is granted, and Plaintiffs' request to file an unredacted version of the Second Amended Complaint under seal is denied. Plaintiffs shall file a third amended complaint that complies with the above instructions and guidance by March 28, 2025. Defendants shall file any motion to dismiss by April 28, 2025; Plaintiffs shall file their opposition brief by May 28, 2025; and Defendants shall file their reply, if any, by June 11, 2025.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 26, 2025
Brooklyn, New York