

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

44 South Broadway, White Plains, NY 10601
T: 212 354 0111
www.osenlaw.com

April 14, 2026

**VIA ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**  *Freeman, et al. v. HSBC Holdings plc, et al.*, **18-cv-7359 (PKC) (PCG)**
      **Plaintiffs' Notice of Intent to Move for Damages Against Bank Saderat PLC**

Dear Judge Chen:

   Plaintiffs respectfully write in response to the Court's March 31, 2026, Memorandum & Order, ECF No. 161, directing Plaintiffs to indicate within fourteen days whether they intend to move for damages against Defendant Bank Saderat PLC ("Bank Saderat"). Subject to the Court's approval, Plaintiffs confirm that they intend to do so.

   As the Court is aware, Bank Saderat has failed to appear or otherwise defend this action. *See* Entry of Default, ECF No. 52. The Court previously entered default judgment against Bank Saderat on the Ninth and Eleventh Claims, and scheduled a damages inquest for April 7, 2021. *See* Mem. & Order, ECF No. 90. That inquest was adjourned *sine die* as the case proceeded through successive stays pending appellate proceedings and extensive merits briefing. In accordance with the Court's March 31 directive, Plaintiffs are prepared to proceed to the damages determinations.

   To make the process more efficient, Plaintiffs propose providing damages evidence on a rolling basis. Specifically, Plaintiffs propose tracking the damages submissions they have made in parallel proceedings against the Islamic Republic of Iran under the Terrorism Exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. Over 180 of the more than 600 Plaintiffs have obtained final judgments in FSIA cases arising from the same attacks at issue here. Those judgments are based on "evidence satisfactory to the court." 28 U.S.C. § 1608(e). *See also* Fed. R. Civ. P. 55(b)(2). Additional Plaintiffs have FSIA cases in which final judgments are anticipated in the coming months. Plaintiffs propose to submit the evidence underlying their FSIA judgments, as well as the judgments themselves, for the Court's review to assist it in making damages determinations, with additional Plaintiffs added on a rolling basis as further FSIA judgments issue.[1]

---

[1]   A number of Plaintiffs will not receive FSIA judgments because they did not bring FSIA claims or due to FSIA-specific standing issues. We propose to address those Plaintiffs' damages after those with existing judgments are addressed.

Should the Court have any questions, Plaintiffs are available to discuss any of the foregoing at the Court's convenience.

Respectfully submitted,

/s/ Dina Gielchinsky

cc:      All Counsel